IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

GECKOSYSTEMS INTERNA-          ) C.A. No. K14A-03-004 JTV
TIONAL CORPORATION and        )
R. MARTIN SPENCER,            )
                              )
            Defendants-below  )
            Appellants.       )
        v.                    )
HAROLD & BETTE WALLACE,       )
                              )
            Plaintiffs-below  )
            Appellees,        )

*Submitted: June 13, 2014*
*Decided: September 29, 2014*

Donald L. Gouge, Jr., Esq., Wilmington, Delaware. Attorney for Appellants.

Adam C. Gerber, Esq., Hudson, Jones, Jaywork & Fisher, Dover, Delaware. Attorney for Appellees.

*Upon Consideration of Appellees'*
*Motion for Partial Dismissal of Appeal*
**GRANTED**

**VAUGHN, President Judge**

*Wallace v. Geckosystems, et al.*
C.A. No. K14A-03-004 JTV
September 29, 2014

## ORDER

Upon consideration of the appellees' Motion for Partial Dismissal of Appeal, the appellants' opposition thereto, and the record of this case, it appears that:

1.   This is an appeal from a decision of the Court of Common Pleas. The appellees, Harold and Bette Wallace, initiated a lawsuit in the Court of Common Pleas against the appellants, Geckosystems International Corporation and R. Martin Spencer, for breach of contract, fraud, and promissory estoppel. On August 7, 2009, the appellees obtained a default judgment against the appellants. On February 11, 2013, the Court of Common Pleas entered an order directing the New Castle County Sheriff to sell Mr. Spencer's shares of Geckosystems stock to satisfy the default judgment. On May 31, 2013, the Geckosystems stock was sold at a sheriff's sale to the appellees' son, Neal Wallace. On June 3, 2013, appellants filed a Motion to Set aside the Sheriff's Sale. On December 27, 2013, the Court of Common Pleas issued an order denying the appellants' Motion to Set Aside the sheriff's Sale and confirming the sheriff's sale.

2.   Subsequently, the appellees sought an order pursuant to Title 8, Section 324© of the Delaware Code to compel Geckosystems and its transfer agent to cancel Mr. Spencer's ownership on its books and issue new stock certificates to the appellees. On February 21, 2014, the Court of Common Pleas issued the order.

3.   On March 18, 2014, appellants appealed the Court of Common Pleas' December 27, 2013 and February 21, 2014 orders to this Court. The motion currently before the court seeks to dismiss the appellants' appeal of the Court of Common Pleas' December 27, 2013 order.

2

4.      Appellees contend that the appeal concerning the December 27, 2013 order should be dismissed as untimely because pursuant to Title 10, Section 1326 of the Delaware Code, appellants had 30 days to appeal the December 27, 2013 order and failed to do so; that pursuant to Section 324(c), once the time to file an appeal expired, ownership of the stock automatically transferred to the appellees; and that the appellees act in seeking the February 21, 2014 order to compel Geckosystems to transfer the stock was permitted but not required under Section 324(c).

5.      The appellants contend that the Court of Common Pleas' December 27, 2013 order was not final and appealable; that according to the Delaware Supreme Court in *Brown v. Stornawaye Capital LLC/New Falls Corp.*, an order is deemed final and appealable if the trial court has declared its intentions that the order be the court's "final act" in disposing of all justiciable matters within its jurisdiction;[1] and if the December 27, 2013 order was final and appealable, there would have been no need for the appellees to seek the February 21, 2014 order.

6.      After considering the contentions set forth by the parties, I find that the Court of Common Pleas' December 27, 2013 order, when issued, was final and appealable. The  order determined the validity of the sale, and had the effect of confirming the sale. When the Court of Common Pleas denied the appellants' Motion to Set Aside Sheriff's Sale, the Court of Common Pleas confirmed the sheriff's sale, which was the final act that the Court of Common Pleas was required to perform concerning the sale. As mentioned, under Section 324(c), confirmation of the sale

---

[1] 41 A.3d 429 (Del. 2012).

had the legal effect of transferring the shares to the appellees. If the corporation had issued new shares to the appellees voluntarily, as it should have done, no further order would have been necessary. The February 21, 2014 order became necessary only because of the corporation's failure to do so.

7. The *Brown* case, which the appellant cites, is distinguishable. In that case the Court of Chancery made an oral ruling on cross-motions for summary judgment.[2] At the conclusion of the hearing, the court directed the plaintiff-appellee to prepare a form of order reflecting the court's oral ruling and to submit it for review.[3] The defendant-appellant appealed the oral ruling to the Delaware Supreme Court. The Delaware Supreme Court dismissed the appeal and held:

> [a]n order is deemed final and appealable if the trial court had declared its intention that the order be the court's 'final act' in disposing of all justiciable matters within its jurisdiction. The further action required by the Court of Chancery in this matter did not involve a purely ministerial act but an exercise of discretion by the trial court in fashioning an appropriate order to implement the substance of its . . . oral ruling.[4]

8. Pursuant to Title 10, Section 1326 of the Delaware Code appellants had 30 days to appeal the Court of Common Pleas' December 27, 2013 order, which did not occur. Therefore, pursuant to Superior Court Civil Rule 72(I), the appellants

---

[2] *Id.*

[3] *Id.*

[4] *Id.*

appeal concerning the December 27, 2013 order is dismissed as untimely.

9.      For the foregoing reasons, appellees' Motion for Partial Dismissal of Appeal is ***granted***.

**IT IS SO ORDERED**.


　　　　　　　　　　   /s/    James T. Vaughn, Jr.


oc:    Prothonotary
cc:    Order Distribution
        File

5